United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40671
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOSE AMERICO RODRIGUEZ-PUENTE,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-96-ALL
---------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Jose Americo Rodriguez-Puente (Rodriguez) challenges his

conviction and the sentence he received after he pleaded guilty

to illegal reentry.  Rodriguez correctly concedes that his

argument that the "felony" and "aggravated felony" provisions of

8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of

Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), and that he was

subject to only a two-year maximum sentence is foreclosed.  See

Shepard v. United States, 125 S. Ct. 1254 (2005); Dretke v.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Haley</u>, 124 S. Ct. 1847 (2004); <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

Rodriguez's argument that the district court's error in sentencing him under a mandatory Guidelines scheme is structural and presumed to be prejudicial is also foreclosed.  <u>See</u> <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 601 (5th Cir. 2005). Rodriguez fails to show that his sentence is plain error inasmuch as he points to nothing indicating that the district court would have imposed a lighter sentence under an advisory Guidelines scheme.  <u>See</u> <u>United States v. Inman</u>, 411 F.3d 591, 596 (5th Cir. 2005).

AFFIRMED.